```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-21167-Civ-MORENO
                                       (06-20655-Cr-MORENO)
                              MAGISTRATE JUDGE P. A. WHITE
```

CHARLES SMALLS,                    :

    Movant,                    :

v.                                 :         REPORT OF
                                                         MAGISTRATE JUDGE

UNITED STATES OF AMERICA,          :

    Respondent.                :

_____

      This matter is before this Court on the movant's timely filed motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for conspiracy to possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §846 and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §841(a)(1), entered following a guilty plea in Case No. 06-20655-Cr-Moreno.

      The Court reviewed the motion (Cv-DE#1), the government's response (Cv-DE#6), the movant's reply (Cv-DE#7), Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

## Claims Raised

      The movant raises the following claims:

          1.    He was denied effective assistance of counsel because his lawyer failed to challenge the validity of the §851 enhancement on the basis

>     that the prior conviction used for the
> enhancement was obtained due to ineffective
> assistance of counsel. (Cv-DE#1:3)(Cr-DE#69).
>
> 2.  The court erred in failing to conduct a
>     colloquy pursuant to §851 prior to imposition
>     of the enhanced sentence. (Cv-DE#1:3).

                            Procedural History

The procedural history of the underlying criminal case reveals that the movant was charged by Indictment and pleaded guilty, without entering a plea agreement, to one count of conspiracy to possess with intent to distribute five grams or more of cocaine and one count of possession with intent to distribute five grams or more of cocaine base. (Cr-DE#7).

Prior to sentencing, the government filed a notice of disclosure of 404(b) evidence and expert witness summaries. (Cr-DE#56). As to the movant, the disclosure specifically stated that "[o]n or about February 28, 2005, the defendant possessed cocaine and marijuana with an intent to sell or distribute same, for which he was arrested and prosecuted in Florida state court. The defendant entered a guilty plea and was sentenced on Case No. F05-6555 on October 6, 2005." (Id.).

On January 24, 2007, the government filed an Information pursuant to 21 U.S.C. §851(a), indicating its intention to seek an enhanced sentence in the event of the movant's conviction. (Cr-DE#69).

A PSI was prepared prior to sentencing. The probation officer

determined that, the applicable guideline for Counts One and Four is found in U.S.S.G. §2D1.1 and pursuant to U.S.S.G. §3D1.2(d), the counts of conviction are grouped together. (PSI ¶29). According to the probation officer, the guideline for violations of 21 U.S.C. §§846 and 841(a)(1) offenses is found in §2D1.1(a)(3) of the guidelines. (PSI ¶30). Accordingly, pursuant to §2D1.1(c)(6), offenses involving at least 20 grams but less than 35 grams of cocaine base has a base offense level of 28. (Id.). Pursuant to U.S.S.G §2D1.1(b)(1), the base offense was increased two levels because a dangerous weapon was possessed. (PSI ¶31). Thus, the total adjusted base offense level was set at 30. (PSI ¶35). The probation officer also determined that the movant warranted an adjustment for his acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b), thus the total offense level was set at 27. (PSI ¶37-39).

The probation officer also calculated that the movant had a total of three criminal history points. (PSI ¶43). However, pursuant to U.S.S.G. §4A1.1(d), because the movant committed the offense while serving a term of probation, two points were added. (PSI ¶44). Additionally, pursuant to U.S.S.G. §4A1.1(e), because the defendant committed the offense less than two years from release from custody, one point was added. (PSI §45). Thus, the movant had a total of six criminal history points, resulting in a criminal history category III. (PSI ¶46). Based on a total base offense level of 27 and a criminal history category of III, the movant's advisory guideline range was determined to be 87 to 108 months. (PSI ¶71). However, pursuant to U.S.S.G. §5G1.1(b)[1], the

---

[1] U.S.S.G. §5G1.1(b) states "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

guideline sentence is 120 months. (Id.). Objections to the PSI were filed by both the movant (Cr-DE#84) and the government (Cr-DE#85).

Thereafter, on April 17, 2007, pursuant to the government's §851 notice the movant was sentenced to 120 months in prison, followed by eight years of supervised release and a $200.00 assessment. (Cr-DE#98). The judgment was entered by the Clerk on April 23, 2007. (Cr-DE#99). No direct appeal was filed. (Cv-DE#1). The judgment became final at the latest on May 1, 2007, when time expired for filing a notice of appeal.[2] On April 10, 2008, less than one year after his conviction became final for purposes of the federal limitations period, the movant timely filed this motion to vacate.[3] (Cv-DE#1).

## Discussion of Claims

In this collateral proceeding, the movant's claims challenge his sentence which was enhanced pursuant to 21 U.S.C. §851. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result

---

[2] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

[3] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11th Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. <u>Id.</u> at 697; <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11th Cir. 1995). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. <u>Glover v. United States</u>, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong <u>Strickland</u> standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985).

Moreover, review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11th Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11th Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Rogers v. Zant</u>, 13 F.2d 384, 386 (11th Cir. 1994).

5

In **claim one**, the movant argues that he was denied effective assistance of counsel because his lawyer failed to challenge the validity of the §851 enhancement on the basis that the prior conviction used for the enhancement was obtained due to ineffective assistance of counsel. (Cv-DE#1:3)(Cr-DE#69).

As will be recalled, the movant was charged in part with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §841(a)(1). Title 21 U.S.C. §841(a)(1) makes it unlawful for any person to knowingly or intentionally manufacture, distribute, or possess, or possess with intent to manufacture, distribute, or dispense, a controlled substance. 21 U.S.C. §841(a)(1). The penalty provisions, 21 U.S.C. §841(b)(1)(B)(iii), provides in pertinent part, that anyone who violates subsection (a) and the violation involves 5 grams or more of a mixture or substance containing cocaine base, shall be sentenced to a term of five years and not more than 40 years in prison. 21 U.S.C. §841(b)(1)(B)(iii). However, the enhanced penalty provision of that statute provides that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ."

The §851 information reflects that the movant was previously convicted in pertinent part of a felony possession of cocaine, in Miami Dade County, case no. F05-6555. (Cv-DE#69). In order to obtain a sentence enhancement under 21 U.S.C. §841, the government must comply with the notice requirements of 21 U.S.C. §851(a)(1), which provides that an enhancement based on prior convictions may not be imposed "unless before trial, or entry of a plea of guilty, the United States attorney files an information with the court (and

6

serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. §851(a)(1).

The thrust of the movant's argument appears to be that pursuant to §851(c), he had the "statutory right to challenge the validity of the prior conviction used to enhance his minimum term of imprisonment," and as such, his counsel was ineffective for failing to invoke the challenge. (Cv-DE#1:3). Specifically, the movant argues that his state conviction was not qualifying because his plea to said charge was involuntarily entered upon the misadvise of state counsel. According to the movant, he was told that his plea would result in a withhold of adjudication, which in turn would not be considered a conviction for purposes of criminal history records. (Cv-DE#1:3). As such, the state counsel's advise was erroneous since it was used to enhance his sentence in the federal proceeding. (Id.). He further argues, that had he known his plea to a state charge "would have resulted in a conviction being stamped in his criminal history records, clearly Smalls would not have entered the plea, but would have insisted on going to trial in that state matter." (Cv-DE#1:4).

Section 851(c) states in part that "if the person denied any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response." As discussed below, because the movant's prior state conviction qualifies as a conviction for purposes of §851 enhancement, counsel was not ineffective for failing to challenge it.

The Eleventh Circuit has held that a "prior plea of nolo contendere with adjudication withheld in Florida state court is a

7

'conviction' that supports an enhanced sentence" under 21 U.S.C. §851. United States v. Smith, 96 F.3d 1350 (11th Cir. 1996), citing United States v. Mejias, 47 F.3d 401, 404 (11th Cir. 1995). In Smith, the Eleventh Circuit noted that "[t]he meaning of the word 'conviction' in a federal statute is a question of federal law unless Congress provides otherwise." United States v. Smith, *supra*, citing, United States v. Mejias, *supra* at 404. The Eleventh Circuit concluded that federal law controlled because there was no indication in either 21 U.S.C. §841 or 21 U.S.C. §851 that Congress intended that the definition of conviction should be determined by reference to state law. Id.

Under these circumstances, the movant's withhold of adjudication in a prior state court conviction wherein a guilty plea was entered, qualifies as a conviction for purposes of an §851 enhancement. Therefore, counsel was not deficient for failing to pursue this nonmeritorious argument. Moreover, the movant has failed to show that there was a reasonable probability that but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. Thus, the movant is entitled to no relief on this claim.

To the extent the movant means to argue that counsel should have advised him that he could collaterally attack his prior convictions in state court on the basis that one was obtained due to ineffective assistance of counsel, that claim warrants no relief in this collateral proceeding. The law is clear that once the movant successfully attacks in the state forum his prior state convictions used to determine his criminal history points in this case, at that time, he may then seek to reopen and reduce the federal sentence. See United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999). However, in the absence of such an occurrence, a

8

collateral attack upon his federal sentence is unavailable. See Custis v. United States, 511 U.S. 485 (1994). Although Custis, addressed the Armed Career Criminal Act only, circuit courts have held that the Custis analysis also applies to sentences imposed pursuant to the sentencing guidelines. See United States v. Escobales, 218 F. 3d 259 (3rd Cir. 2000)(A Defendant classified as a career offender under section 4B1.1 of the Sentencing Guidelines, cannot challenge a prior conviction unless "(1) 'the statute under which the defendant is sentenced explicitly provides the right to attack collaterally prior convictions used to enhance the sentence,' or (2) the constitutional challenge to the underlying conviction is based on a claim that 'the defendant's right to counsel has been denied. Neither 21 U.S.C. §841 nor the Sentencing Guidelines provided the right to collaterally attack prior convictions."); United States v. Price, 51 F.3d 175 (9th Cir. 1995); United States v. Arango-Montoya, 61 F.3d 1331 (7th Cir. 1995). Accordingly, absent the movant successfully attacking his prior state conviction, a collateral attack upon his federal sentence is unavailable. The movant's state conviction occurred in October of 2005; over two and a half years prior to filing his §2255 motion. To date, he has failed to attack his prior state conviction or make any showing thereof. Thus, counsel was not deficient for failing to challenge the validity of the §851 enhancement.

Moreover, to the extent the movant means to argue that he is entitled to relief because he is an unskilled layperson with limited educational background who is unfamiliar with the law. Mere ignorance of the law for failing to challenge his prior convictions pursuant to §851(c) does not justify vacating, setting aside or correcting his sentence. In Flores, the movant was not entitled to new trial or relief from judgment dismissing as abuse of motion his

9

second motion to vacate, set aside, or correct sentence based upon his pro se status, illiteracy, and lack of legal training . . . new trial was not required to 'prevent an injustice,' and relief from judgment of dismissal was not 'appropriate to accomplish justice.' United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993). See also Worthen v. Kaiser, 952 F.2d 1266 (10th Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause).

In **claim two**, the movant asserts that the court erred when it failed to conduct a colloquy pursuant to §851 prior to imposition of the enhanced sentence. (Cv-DE#1:3).

Section 851(b) provides that, if the government files an information under this section, the court shall, before imposing sentence, inquire of the defendant "whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. §851(b).

The failure of the district court to adhere to the procedural requirements of §851(b) is reviewed under harmless error. United States v. Weaver, 905 F.2d 1466 (11th Cir. 1990). "Non-constitutional error is harmless when it does not affect the substantial rights of the parties . . . ." United States v. Gallegos-Aquero, 409 F.3d 1274, 1277 (11th Cir. 2005).

In Weaver, the defendant challenged his sentence on the grounds that the district court failed to comply strictly with

section 851(a) and (b). <u>Weaver</u>, 905 F.2d 1466. Although the court's analysis initially "insisted upon strict compliance with the mandatory language of the procedural requirements of section 851(a) and (b)," the court then confined the strict compliance standard to section 851(a) only. <u>Id.</u> Thus, permitting leniency regarding the procedural requirement of section 851(b).

The court in <u>Weaver</u> affirmed the sentence because the defendant effectively admitted to the previous conviction and failed to object to its inclusion in the PSI. <u>Id.</u> A review of the sentencing transcript revealed that the district did not specifically ask the defendant whether he had in fact been previously convicted. <u>Id.</u> However, when read in context, it is understood that the defendant admitted to the previous conviction. <u>Id.</u> The Eleventh Circuit found that "not only did the [defendant] fail to object to the prior convictions contained in the government's information and in the PSI, but, by implication, he agreed that the prior convictions stated in the PSI were correct."

Here, as in <u>Weaver</u>, the government filed the information as required by §851(a), which put the movant on notice that the government would seek the sentence enhancement. The movant neither objected to the information pursuant to §851 nor to the notice of disclosure. During the plea colloquy, the movant effectively admitted to the previous state conviction and only objected in respect to the notice requirement. See <u>United States v. Williams</u>, 2006 WL 12967 (11th Cir. 2006). (Cr-DE#109). Although the record demonstrates that the court did not make the inquiries as described in §851(b), the plea colloquy reveals:

11

> THE COURT:  You understand what we have been talking about? This piece of paper prevents me from giving you less than ten years because of what you did based upon your conviction on October 6th, 2005 in State of Florida versus Charlie Smalls, 05-6555, for possession of cocaine with intent to sell of distribute.
>
> Because of that and because this piece of paper was filed, that means I cannot give you less than ten years unless you cooperate to the satisfaction of the prosecutor, render what we call substantial assistance, which can include testifying against others, working in an undercover capacity, being debriefed, and then the prosecutor looks at it and says, you know he's been truthful, its been enough, and then he files another piece of paper, 5K1, if it's right before you are sentenced or a rule 35 if it's within one year of being sentenced.  And then that lets me consider that assistance and decide how low I should go, if I should go at all lower than the ten years. Without that piece of paper, you will be stuck with ten years because of this prior conviction. You understand that?
>
> THE DEFENDANT:    Yes.

(Cr-DE#109:27-28). As such, by implication, the movant agreed that the prior conviction was correct. Moreover, after the PSI was prepared, the movant filed objections thereto, none of which related to the inclusion of the state conviction. Under these circumstances, counsel's failure to challenge the §851 notice was harmless. Thus, the movant has failed to establish either deficient performance or prejudice pursuant to <u>Strickland</u>, *supra*, and is entitled to no relief on this claim. Moreover, the movant has failed to show that there was a reasonable probability that but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.

Conclusion

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 12th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Charles Smalls, Pro Se
      Reg. No. 77005-004
      FCC Coleman-Medium
      P.O. Box 1032
      Coleman, FL 33521-1032

      Michael E. Gilfarb, AUSA
      United States Attorney's Office
      99 NE 4th Street
      Miami, FL 33132